UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY ELLIOTT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>PERRY RUSSEL, et al.,<br><br>　　　　　Respondents. | Case No. 3:20-cv-00529-RCJ-CLB<br><br>ORDER |

Before the court is respondents' motion to dismiss Anthony Elliott's pro se 28 U.S.C. § 2254 habeas corpus petition as untimely (ECF No. 7).  They also argue that certain grounds are unexhausted and/or procedurally defaulted or noncognizable on federal habeas review. As discussed below, the petition is dismissed as time-barred.

### I.　　Background & Procedural History

In October 2013, Elliott pleaded guilty to first-degree murder in the perpetration of a burglary and/or robbery (exhibit 27).[1] The state district court sentenced him to a term of 20 to 50 years. Exh. 35. The court entered the judgment of conviction on January 23, 2014. Exh. 36. Elliott did not file a direct appeal.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 7, and are found at ECF Nos. 8-14.

1

On September 4, 2018, Elliott filed a state postconviction habeas corpus petition. Exhs. 46, 47. The state district court dismissed the petition as time-barred pursuant to NRS 34.726. Exh. 70. The Nevada Supreme Court affirmed the dismissal of the petition as time-barred on July 16, 2020, and remittitur issued on August 11, 2020. Exhs. 91, 93.

Elliott dispatched his federal habeas corpus petition for filing on September 17, 2020 (ECF No. 5).  Respondents now move to dismiss the petition as untimely (ECF No. 7). They argue alternatively that several claims are unexhausted and/or procedurally defaulted or noncognizable. Elliott did not file an opposition or respond to the motion in any way.

**II.     Legal Standards & Analysis - Timeliness**
**AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  Where a defendant fails to seek direct review of his judgment of conviction before the state appellate court, the one-year period of limitations begins to run thirty days after the entry of the judgment of conviction. NRAP 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012).

Here, the state district court entered the judgment of conviction January 23, 2014. Elliott did not file a direct appeal; therefore, his judgment of conviction became final thirty days later, on February 23, 2014. His one-year AEDPA statute of limitations began to run on February 24, 2014, the day after his time to seek a direct appeal expired, and, absent tolling, expired on February 24, 2015. 28 U.S.C. § 2244(d)(1)(A).

A properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2). A state petition is not deemed "properly filed" if it is untimely under state procedural rules. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." *Id*. at 414. Under Nevada state law, a habeas petition must be filed within one year after entry of the judgment of conviction if no appeal is taken. NRS 34.726(1).

Elliott filed his state petition on September 4, 2018, more than four years after entry of the judgment of conviction on January 23, 2014. Exhs. 46, 47, 36. The Nevada Supreme Court applied the state procedural rule when it held that Elliott's petition was untimely pursuant to Nev. Rev. Stat. 34.726(1). Exh. 91.

Elliott is not entitled to statutory tolling; he filed an untimely state habeas petition. The procedurally barred state postconviction petition was not "properly filed" because it was untimely under Nevada state law. Thus, his state petition did not toll the federal statute of limitations. In Elliott's case, the September 2018 state petition could not have tolled the AEDPA statute of limitations, which had already expired three and one-half years earlier in February 2015. Elliott's federal petition is untimely.

### III. Certificate of Appealability

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims

3

rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and rulings in concluding that Elliott's petition is untimely, the court finds that none of those rulings meets the *Slack* standard. The court therefore declines to issue a certificate of appealability for its resolution of Elliott's petition.

### IV.   Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 7) is **GRANTED**. The petition (ECF No. 5) is **DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk enter judgment accordingly and close this case.

Dated: March 29, 2022

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE